## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          :        Case No.   17-17716
                                                :
**Robert E. Karr**                              **:**
   **Deborah E. Karr**                          **:**
                        Debtors                 :        CHAPTER 13
                                                :

### ANSWER TO MOTION OF KENNETH BRUCE KANE
### FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW, comes Robert E. Karr and Deborah E. Karr, Debtors herein by their attorney

Paul H. Herbein, Esquire and prays this Honorable Court deny the Movant's motion and allow the

automatic stay to remain under affect.

### JURISDICTION AND VENUE

1.  Admitted.

2.  Admitted.

### BACKGROUND

3.  Admitted.

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8. Admitted.

## RELIEF REQUESTED

9. Denied.   It is denied that the Movant requests relief from the automatic stay under 11

U.S.C. § 362(a), so that he may liquidate his claims against the Debtor in the Civil Action

in the Pennsylvania state courts and pursue recovery against the Insurance Proceeds of AIG

Insurance Company and any other insurer providing coverage to Movant.   To the

contrary, Debtors are without sufficient knowledge as to the truth or falsity of this

averment, the same is therefore denied and strict proof is demanded at time of hearing if

relevant by way of further answer, Debtors object to having the automatic stay lifted

against them personally.

## APPLICABLE AUTHORITY

10. Denied.   This averment is a conclusion of law to which no answer is required.

11. Denied.   This averment is a conclusion of law to which no answer is required.

12. Denied.   This averment is a conclusion of law to which no answer is required.

13. Denied.   This averment is a conclusion of law to which no answer is required.

## ANALYSIS

**A.   No prejudice to the estates or the Debtors would result from granting relief from stay.**

14. Denied.   It is denied that as mentioned above, upon information and belief, the Insurance

Proceeds should cover any award that the Movant may receive in connection with his

claims asserted in the Civil Action.   To the contrary, Debtors are without sufficient

knowledge as to the truth or falsity of this averment, the same is therefore denied and strict

proof is demanded at time of hearing if relevant.

15. Admitted.

16. Denied.   This averment is a conclusion of law to which no answer is required.

17. Denied.   It is denied that any award that the Movant may receive is likely to be covered in

full by the Insurance Policies and Insurance Proceeds.   It is further denied that there are no

known circumstances where the Insurance Proceeds could ever become part of the Debtors'

bankruptcy estates and therefore the estate would not be in any possible danger of suffering

depletion if the Movant obtains his requested relief.   To the contrary, Debtor is without

sufficient knowledge as to the truth or falsity of this averment, the same is therefore denied

and strict proof is demanded at time of hearing if relevant.

18. Denied.   It is denied that as the primary parties in interest in the Civil Action, the Debtors'

insurers would be highly motivated to provide a vigorous defense and that the Debtors

would not need to expend their resources in that regard.   To the contrary, Debtors are

without sufficient knowledge as to the truth or falsity of this averment, the same is

therefore denied and strict proof is demanded at time of hearing if relevant.

19. Denied.   It is denied that all that the Movant seeks is an adjudication of liability that can

serve as a predicate for recovery from the insurers.   It is further denied that he respectfully

submits that estates suffer no prejudice - much less the "great prejudice" that the standard

requires - would result.   To the contrary, there is great potential for prejudice against the Debtors if relief against the Debtors is granted.

**B.** **The Harship to the Movant by Maintaining the Stay Considerable Outweighs Any Hardship to the Debtor**

20. Denied.   It is denied that as explained about, the Debtors would not suffer any hardship if the Movant is granted his requested relief and that on the other hand, the Movant will suffer great hardship if he is denied relief from the stay.   To the contrary, in the event of denial of coverage or liability above the insurance limits could severely affect the Debtors.

21. Denied.   It is denied that the Movant suffered painful and serious injuries for which   he has not been compensated.   To the contrary, Debtors are without sufficient knowledge as to the truth or falsity of the averment, the same is therefore denied and strict proof is demanded at time of hearing if relevant.

22. Denied.   It is denied that as this court explained in granting stay relief in *15375 Memorial*, a claimant under a liability policy will suffer prejudice from delay due to the "lost time value of money," as well as "the lapse of time in terms of its ability to effectively prosecute its claims.   Witnesses and documents become unavailable." *15375 Memorial,* 382 B. R. at 690.   To the contrary, Debtors are without sufficient knowledge as to the truth or falsity of this averment, the same is therefore denied and strict proof is demanded at time of hearing if relevant.

23. Denied.   It is denied that the Movant has invested his resources developing the Civil Action in Pennsylvania and that this Court in *Rexene* Products noted this factor also in its "hardship" analysis.   The court stated,

In addition to the geographic burden, there is the risk of duplicative litigation. Conceivable, a full trial on the merits would follow a claims estimation proceeding... One of the primary purposed of granting relief from the stay to permit claim liquidation is to economize judicial resources...The risk of unnecessary, duplicative litigation is great... . The duplicative litigation is burdensome both to Movants and the courts involved. Judicial economy dictates a prompt resolution in a single forum and with the same judge who was originally assigned to the case.   This Court is of the opinion that to begin this litigation anew in this bankruptcy court would result in more of a hardship to the Movant and would certainly result in a waste of judicial resources.

To the contrary, Debtors are without sufficient knowledge as to the truth or falsity of this averment, the same is therefore denied and strict proof is demanded at time of hearing if relevant.

24. Denied.   This averment is a conclusion of law to which no answer is required.

25. Denied.   It is denied that the Movant's hardships enumerated above are great and that Movant suffered severe injury and significant financial damages related to his injuries.   It is further denied that any additional delay in a resolution of his claim would be tremendously harmful.   Further it is denied that in contrast the Debtors will face no hardship if the Movant is granted relief from the stay and that no estate assets would be jeopardized, and the Debtors would not have to expend any funds or commit any significant resources to defend the Civil Action.   To the contrary, Debtors are without sufficient knowledge as to the truth or falsity of this averment, the same is therefore denied and strict proof is demanded at time of hearing if relevant.

26. Denied.   It is denied that the Movant respectfully submits that the hardship that he would suffer if the stay remains in effect considerably outweighs any hardship to the Debtor concerning his requested relief.   To the contrary, Debtors are without sufficient knowledge as to the truth or falsity of this averment, the same is therefore denied and strict proof is demanded at time of hearing if relevant.

## C. The Movant is likely to prevail on the merits.

27. Denied.   This averment is a conclusion of law to which no answer is required.

28. Denied.   It is denied that no strong defenses to the Civil Action are apparent, here, and there is a strong likelihood that the Movant will succeed on the merits given that he was rearended by the Debtor and has zero liability for the subject motor vehicle accident and that there exist triable issues of fact in the Civil Action. *See In re Fernstrom Storage and Van Co.,* 938 F. 2d 731, 736 (7th Cir. 1991) (automatic stay lifted upon finding the underlying action non-frivolous).   To the contrary, Debtors are without sufficient knowledge as to the truth or falsity of this averment, the same is therefore denied and strict proof is demanded at time of hearing if relevant.

29. Denied.   It is denied that this already low bar of this third prong is even lower where, as her, a Movant's claim would be covered by non-debtor sources.   It is further denied that in *15375 Memorial,* this Court stated that under such circumstances, a bankruptcy court should not examine the merits of the movant's claims, rather, "all that is required is that the movant make more than a 'vaque initial showing' that he can establish a *prima facie* case. It is further denied that in a case, such as this one, where the Movant seeks only to liquidate his claims as a predicate to recovering against insurance and other non-debtor sources, to require a merits analysis would defeat the objective of economizing judicial resources and would frustrate the effort to resolve relief from stay motions expeditiously."   15375 Memorial, 382 B.R. at 691 (quoting and citing *Peterson v. Cundy (In re Peterson),* 116 B.R. 247, 250 (D. Col. 1990).   To the contrary, Debtors are without sufficient knowledge

as to the truth or falsity of this averment, the same is therefore denied and strict proof is demanded at time of hearing if relevant.

30. Denied.   It is denied that the Movant has alleged colorable and plausible claims and respectfully submits that he met this prong of the stay relief analysis.   To the contrary, Debtors are without sufficient knowledge as to the truth or falsity of this averment, the same is therefore denied and strict proof is demanded at time of hearing if relevant.

WHEREFORE, Debtors request this Honorable Court to dismiss Plaintiff's motion for relief.


Respectfully submitted,


 /s/ Paul H. Herbein, Esquire
PAUL H. HERBEIN, ESQUIRE

Dated:   July 30, 2019                    Attorney for Debtors
Attorney I.D. #55200
2601 Centre Avenue
Reading, PA   19605
(610) 921-4545