United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 17-17716-amc
Robert E. Karr                                                  Chapter 13
Deborah E Karr
        Debtors
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-4          User: TashaD              Page 1 of 1              Date Rcvd: Aug 22, 2019
                              Form ID: pdf900           Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 24, 2019.
db/jdb         +Robert E. Karr,   Deborah E Karr,   1925 Andre Court,   Reading, PA 19610-1423

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
               Kenneth Bruce Kane
                                                                                      TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 24, 2019                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 22, 2019 at the address(es) listed below:
              CHRISTOS A. KATSAOUNIS    on behalf of Creditor    Commonwealth of Pennsylvania, Department of
               Revenue RA-occbankruptcy5@state.pa.us, RA-occbankruptcy6@state.pa.us
              FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              JACQUELINE  MORGAN    on behalf of Creditor Kenneth Bruce Kane jmorgan@lowenthalabrams.com
              KEVIN G. MCDONALD    on behalf of Creditor    Bank Of America, N.A. bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Bank Of America, N.A. bkgroup@kmllawgroup.com
              PAUL H. HERBEIN    on behalf of Debtor Robert E. Karr PHERBEIN@AOL.COM, herbeinlaw@gmail.com
              PAUL H. HERBEIN    on behalf of Joint Debtor Deborah E Karr PHERBEIN@AOL.COM, herbeinlaw@gmail.com
              ROLANDO  RAMOS-CARDONA    on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com,
               ecf_frpa@trustee13.com
              SCOTT F. WATERMAN (Chapter 13)   ECFMail@ReadingCh13.com, ecf_frpa@trustee13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 10

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**Reset hearing shall be held on 8/22/2019 at 11:00 AM in mad - Courtroom 1, Third Floor (Reading Court). Movant is responsible for notice.**

In re:  :
                                                                   :    Chapter 13

**ROBERT E. KARR**  :
                                                                   :    Case No. 17-17716

**DEBORAH E. KARR**  :
    :
    :

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the *Motion of Kenneth Bruce Kane for Relief From the Automatic Stay* (hereafter the "Motion"), and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and after considering objections to the Motion, if any; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.    The Motion is **Granted**, as set forth herein.

2.    The Automatic Stay is lifted for the sole purpose of allowing the Movant to prosecute and liquidate his claims by either litigation, settlement, ADR, trial or any other means against the Debtor in the Civil Action in the Pennsylvania state courts to pursue recovery solely against the proceeds of the applicable insurance coverage (the "Insurance Proceeds") available to the Debtor under the

applicable insurance policy (the "Insurance Policy"). The Movant may further prosecute or defend any resulting appeal(s) and enforce any judgment solely against the Insurance Proceeds. Notwithstanding the foregoing, in the event that the Insurance Policy is unavailable, in whole or part, to the Movant due to coverage terms, or exclusions, or coverage limits, or any other reason, then the Movant shall have the right to file a claim against the Debtor, or his estate, limited to that portion of his claim not satisfied by the Insurance Policy. In such event, the Automatic Stay pursuant to section 362 of the Bankruptcy Code shall be reinstated in full effect with respect to the Civil Action without prejudice to the Movant's right to file a new motion for relief from the Automatic Stay. Any claim filed in this bankruptcy case by the Movant in accordance with this Order shall have no greater or lesser right than other similarly situated creditors. Likewise, if such claim is filed, the Debtor and his estate retains their right to raise any and all defenses or counterclaims to that claim. For the avoidance of doubt, nothing contained herein is intended to excuse the Movant's obligation to comply with claim filing deadlines established by this Court.

3.    The Movant waives the right to seek satisfaction of, and shall be permanently enjoined from seeking payment of, any judgment, award, settlement, claim, distribution or any other payment amount resulting from or in connection with the Civil Action or on account of any other claims against the Debtor and the Debtor's estate, including, without limitation, seeking payment of any judgment, award, settlement, claim or any other payment from the Debtor in the event

insurance coverage is denied under the applicable Insurance Policy by the respective insurers or underwriters.

4. Except as otherwise set forth herein, nothing in this Order shall impair, modify, limit, or expand the rights and duties of (i) the Movant; (ii) the Debtor, including, without limitation, the Debtor's rights or obligations, if any, under the applicable Insurance Policy, including the Debtor's obligations to satisfy any amounts due and owing under the applicable Insurance Policy; and (iii) the insurer in connection with the applicable Insurance Policy.

5. The Automatic Stay shall otherwise remain in full effect.

6. Nothing herein is intended to or shall be deemed to be a stipulation, agreement, warranty, or admission by the Debtor that (i) the Debtor is liable to the Movant for any amounts or (ii) any causes of action, claims, or damages alleged in the Civil Action are covered in whole or in part under any of the Debtor's insurance policies. For the avoidance of doubt, nothing herein is intended or shall be deemed to alter in any way the rights, duties, obligations, terms, conditions, or provisions under the Debtor's applicable Insurance Policy.

7. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

**Date: August 22, 2019**

_____
J.